IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-cr-214-ECM |
| | ) | [WO] |
| DION JAQUAN PICKETT | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Defendant's unopposed motion to continue trial. (Doc. 60). Jury selection and trial are presently set on the term of court commencing on October 5, 2026. For the reasons set forth below, the Court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(7).

While the trial judge enjoys great discretion when determining whether to grant a continuance, the Court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986). The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," *id.* § 3161(h)(7)(A). In

determining whether to grant a continuance under § 3161(h)(7), the Court "shall consider," among other factors, whether denial of a continuance would likely "result in a miscarriage of justice," or "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(7)(B)(i), (iv).

Counsel for the Defendant represents to the Court that she needs additional time to review discovery she received from the Government this week. Defense counsel further represents that the Defendant recently began taking different medications to treat a mental illness, and that he needs additional time to adjust to his new medications before he will be in a position to properly prepare for trial.[1] The Government does not oppose a continuance. After careful consideration, the Court finds that the ends of justice served by granting a continuance of this trial outweigh the best interest of the public and the Defendant in a speedy trial. Accordingly, and for good cause, it is

ORDERED that the motion to continue (doc. 60) is GRANTED, and jury selection and trial are CONTINUED from October 5, 2026, to the criminal term of court set to commence on **February 1, 2027 at 10:00 a.m.** in **Montgomery**, Alabama. All deadlines tied to the trial date are adjusted accordingly.

---

[1] The Court also observes that the Defendant's motion to suppress (doc. 35) remains pending before the Court. On September 11, 2026, the Magistrate Judge entered a Recommendation that the motion to suppress be denied. (Doc. 56). Objections are due September 25, 2026, which is ten days before trial. During the September 17, 2026 status conference, defense counsel represented to the Court that she plans to file objections to the Recommendation. The Court will need time to review the Defendant's objections before issuing a ruling on the motion to suppress. The Speedy Trial Act also excludes from the seventy-day period delays "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). Thus, the time from the filing of the motion to suppress through the prompt disposition of that motion is excluded from the seventy-day speedy trial period. *See id.*

The United States Magistrate Judge shall conduct a pretrial conference prior to the February trial term.

DONE this 18th day of September, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE