IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-cr-214-ECM |
| | ) | [WO] |
| DION JAQUAN PICKETT | ) | |

**MEMORANDUM OPINION and ORDER**

## I. INTRODUCTION

Defendant Dion Jaquan Pickett ("Pickett") is charged in a one-count indictment with possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Doc. 1). Pickett moves to suppress all evidence recovered from a traffic stop and vehicle search that occurred on February 2, 2026, including a firearm, ammunition, and his statements. (Doc. 35). Pickett argues that the traffic stop and vehicle search violated his Fourth Amendment rights. After conducting an evidentiary hearing, the Magistrate Judge recommended that the Court deny the motion to suppress, reasoning that law enforcement had reasonable suspicion to conduct the traffic stop and that Pickett lacked standing to challenge the vehicle search. (Doc. 56).

On September 25, 2026, Pickett timely filed objections to the Magistrate Judge's Recommendation, arguing that the traffic stop was not supported by reasonable suspicion. (Doc. 68).[1] Upon an independent and *de novo* review of the record, and for the following

[1] Pickett does not challenge the Recommendation's finding that he lacked standing to challenge the vehicle search.

reasons, the Court concludes that Pickett's objections are due to be overruled, the Magistrate Judge's Recommendation is due to be adopted, and the motion to suppress is due to be denied.

## II. STANDARD OF REVIEW

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions of the Recommendation *de novo*. 28 U.S.C. § 636(b)(1); FED. R. CRIM. P. 59(b)(3). The district court "may accept, reject, or modify the recommendation; receive further evidence; or resubmit the matter to the magistrate judge with instructions." FED. R. CRIM. P. 59(b)(3).

*De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). "[A]lthough *de novo* review does not require a new hearing of witness testimony, it does require independent consideration of factual issues based on the record." *Id.* (citation omitted). If the magistrate judge made findings based on witness testimony, the district court must review the transcript or listen to a recording of the proceeding. *Id.* The Court has conducted a complete and careful review of the record in this case, including the transcript of the suppression hearing, (doc. 55). It has also reviewed *de novo* those portions of the Magistrate Judge's findings and recommendations to which Pickett objects. *See* 28 U.S.C. § 636(b)(1); FED. R. CRIM. P. 59(b)(3).

## III. DISCUSSION

The Magistrate Judge provided thorough recitation of the relevant facts in his Recommendation, and the Court adopts the Magistrate Judge's findings of fact, (*see* doc. 56

at 2–4).[2] For context, the Court observes that the traffic stop was initiated by Officer Gavin Rawls ("Officer Rawls") of the Montgomery Police Department. A female was driving the vehicle, and Pickett was in the front passenger's seat.

Pickett first objects to the Recommendation's failure to address the lack of video evidence corroborating any traffic violation about which Officer Rawls testified. In substance, Pickett objects to the Recommendation's finding that Officer Rawls was credible, specifically as to his testimony that the vehicle driver committed multiple traffic infractions, including speeding, unsafe lane changes, and failure to signal. This Court "defer[s] to the magistrate judge's [credibility] determinations unless his understanding of the facts appears to be 'unbelievable.'" *See United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) (citation omitted); *see also United States v. Figueroa*, 419 F. App'x 973, 978 (11th Cir. 2011) (per curiam).[3] Further, a witness's uncorroborated testimony can be found credible. *Cf. Silva v. Dos Santos*, 68 F.4th 1247, 1259 (11th Cir. 2023) (explaining that "a witness's 'uncorroborated testimony' can be "sufficient to support a conviction if it is not on its face incredible or otherwise unsubstantial" (quoting *United States v. Milkintas*, 470 F.3d 1339, 1344 (11th Cir. 2006))). Here, the lack of video corroboration is insufficient to undermine the Magistrate Judge's determination that Officer Rawls was credible. Moreover, having independently reviewed the record, the Recommendation, and Pickett's objections, the Court

[2] As explained further below, Pickett's objections to the Magistrate Judge's factual findings are due to be overruled.

[3] While the Court acknowledges that *Figueroa* is nonprecedential, the Court finds it persuasive.

concludes that the Magistrate Judge's understanding of the facts is not unbelievable. For these reasons, Pickett's first objection is due to be overruled.

Pickett's second objection comprises several objections. He first objects to the Recommendation's failure to address Officer Rawls' purported inability to articulate a reason for the stop at the scene. Pickett cites no authority for the proposition that a seizure violates the Fourth Amendment when a police officer fails to inform the suspect of the reason for the officer's seizure. Indeed, Officer Rawls' subjective intent is not relevant—what matters is whether his actions were reasonable. *See Whren v. United States*, 517 U.S. 806, 814 (1996) ("[T]he Fourth Amendment's concern with 'reasonableness' allows certain actions to be taken in certain circumstances, *whatever* the subjective intent." (emphasis in original)); *id.* at 813 ("[T]he fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action." (citation omitted)). Thus, Officer Rawls' purported failure to do so would not change the analysis or conclusion as to whether Pickett's Fourth Amendment rights were violated. Additionally, the video evidence shows that once Pickett was removed from the vehicle, Officer Rawls explained to the driver why he stopped the car. (*See* doc. 35-2 at 8:15–37 (Officer Rawls' body camera footage)). Finally, to the extent that Pickett challenges Officer Rawls' credibility on this basis, the Court finds it insufficient to undermine the Magistrate Judge's credibility determination. Thus, this objection is due to be overruled.

Pickett also objects to the Recommendation's failure to address Officer Rawls'

purported "lack of candor and exaggerations" during his testimony. (Doc. 68 at 3). Again, this objection is in substance an objection to the Magistrate Judge's credibility determination. While Pickett obviously disagrees with the Magistrate Judge's finding, he fails to demonstrate that the Magistrate Judge's assessment is unbelievable. *See Ramirez-Chilel*, 289 F.3d at 749. Pickett further objects to the Recommendation's finding that Pickett became verbally combative at the beginning of the traffic stop, arguing that the Recommendation omits certain context surrounding that interaction. Having independently reviewed the record, including the body camera footage, this Court finds, as the Magistrate Judge did, that Pickett became verbally combative. Consequently, these objections are due to be overruled.

In his third objection, Pickett again objects to the Magistrate Judge's credibility determination, this time on the grounds that the Recommendation does not address Officer Rawls' purportedly inconsistent explanations for the traffic stop. These circumstances are insufficient to overcome the deference to which the Magistrate Judge's credibility finding is entitled—indeed, rather than being inconsistent reasons for the traffic stop, they could reasonably be viewed as the multiple different reasons for the traffic stop. (*See* doc. 35-2 at 8:15–37 (body camera footage of Officer Rawls' explaining to the driver why he stopped her, including the "swapped tag," speeding, evasive driving, and failure to signal)). Moreover, as explained above, the officer's state of mind does not render his action violative of the Fourth Amendment "as long as the circumstances, viewed objectively, justify that action." *Whren*, 517 U.S. at 813. Consequently, this objection is due to be overruled.

Fourth, Pickett objects to the Recommendation's failure to address that Alabama law

does not require citizens to update their car's color on their registration, and he relatedly argues that the vehicle color discrepancy did not supply reasonable suspicion for the traffic stop. Assuming without deciding that Pickett is correct that the color discrepancy did not provide reasonable suspicion,[4] it does not change the Court's conclusion because there were independent, objectively reasonable justifications for the traffic stop, e.g., speeding, improper lane change, and failure to signal. Therefore, this objection is due to be overruled.

Pickett's fifth and sixth objections are also objections to the Magistrate Judge's credibility determination. Regarding his fifth objection, the fact that Officer Rawls may not have investigated DUI despite noting suspicions of DUI in his report does not render the Magistrate Judge's understanding of the facts unbelievable. *See Ramirez-Chilel*, 289 F.3d at 749. The same conclusion applies to Pickett's contention that Officer Rawls is not credible because he did not mention smelling marijuana until thirty seconds into his argument with Pickett. For these reasons, Pickett's fifth and sixth objections are due to be overruled.

Seventh, Pickett objects to the determination that Officer Rawls' was credible on the grounds that it is implausible that he could have smelled a small, sealed bag of marijuana. In support, Pickett cites *United States v. Jennings*, 227 F. App'x 828 (11th Cir. 2007) (per curiam), in which the court concluded that the district court did not clearly err in finding not credible a police officer's testimony that he smelled fresh marijuana coming from the

[4] In his Recommendation, the Magistrate Judge recounted Officer Rawls' testimony regarding criminal activity in the area involving the use of "switched tags." (Doc. 56 at 6–7, n.3). Therefore, the color discrepancy was arguably part of the totality of the circumstances giving rise to reasonable suspicion. *See Navarette v. California*, 572 U.S. 393, 396–97 (2014). But even setting aside the color discrepancy, the traffic stop was supported by reasonable suspicion.

defendant's truck. In *Jennings*, the defendant had been arrested after a search of his truck uncovered 7.3 grams of marijuana and two marijuana cigarettes, which were in a sealed plastic bag. *Id.* at 829. The district court had concluded that the officer's claim that he smelled marijuana in the truck was "not possible under the factual circumstances," including the officer's admission that he could not smell the marijuana "when it was presented to him in the courtroom." *Id.* In affirming the district court, the Eleventh Circuit explained that "it was within the district court's broad discretion on such matters to choose not to believe [the officer's] version of the events, given the . . . factual circumstances." *Id.* at 830. *Jennings* therefore does not stand for the proposition that an officer can never credibly claim to smell fresh marijuana in a vehicle when only a "small" amount in a sealed bag is ultimately discovered.[5] Consequently, this objection is due to be overruled.

In his eighth objection, Pickett objects to the Recommendation's failure to address video footage showing that his hands were visible and empty, arguing that Officer Rawls' claim that Pickett reached under the seat is not supported by the video footage and, therefore, Officer Rawls is not credible. The record in this case, including the body camera footage, is insufficient to undermine the Magistrate Judge's credibility determination. The Court observes, for example, that there were moments during Officer Rawls' exchange with Pickett in which at least one of Pickett's hands was not visible. (*See, e.g.*, doc. 35-2 at 1:32–38). Therefore, this objection is due to be overruled.

[5] The Court cannot discern from the record precisely how much marijuana was in the bag recovered from the vehicle.

Ninth, Pickett objects to the Recommendation's failure to address certain Supreme Court precedents on the issue of whether nervousness and agitation supplies reasonable suspicion. Upon *de novo* review, the Court finds that, assuming the lack of citation to these cases was error, any such error was harmless because independent grounds provided reasonable suspicion, even disregarding Pickett's nervousness and agitation. Thus, this objection is due to be overruled.

Pickett's tenth objection is a legal objection to the Recommendation's finding that the stop was supported by reasonable suspicion. Upon *de novo* review, the Court finds, as the Magistrate Judge did, that Officer Rawls had reasonable suspicion to stop the vehicle. Consequently, this objection is due to overruled.

In his eleventh objection, Pickett objects to the Recommendation's finding that he had waived his argument that his statements should be suppressed because he did not mention it in the "Issues Presented." (*See* doc. 56 at 1, n.1). Pickett further argues that the statements should be suppressed because they are fruit of the poisonous tree, i.e., the purportedly unlawful traffic stop. But because this Court concludes that Officer Rawls had reasonable suspicion to conduct the traffic stop, Pickett's argument that the subsequently discovered evidence, including his statements, must be suppressed necessarily fails. Therefore, even assuming that Pickett had not waived the argument regarding his statements, this objection is nonetheless due to be overruled.

## IV. CONCLUSION

Because law enforcement had reasonable suspicion to conduct the traffic stop at issue, Pickett's objections are due to be overruled, and his motion to suppress is due to be denied.

Accordingly, it is

ORDERED as follows:

1. Pickett's objections (doc. 68) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 56) is ADOPTED; and

3. Pickett's motion to suppress (doc. 35) is DENIED.

DONE this 3rd day of November, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE